Filed 6/5/14  P. v. Ho CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VU LINH HO,<br><br>    Defendant and Appellant. | D064618<br><br><br><br>(Super. Ct. No. SCD247403) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Patricia Mary Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Vu Linh Ho pled guilty to one count of unlawfully taking and driving a vehicle (Veh. Code, § 10851) and admitted having suffered a prior strike allegation. In conformance with the stipulated plea agreement, the trial court sentenced Ho to a term of four years in state prison.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, the People filed a complaint against Ho alleging one count of unlawfully taking and driving a vehicle (Veh. Code, § 10851) and one count of buying/concealing/withholding and/or aiding in concealing/selling/withholding a motor vehicle, in violation of Penal Code[1] section 496, subdivision (d). The People further alleged that Ho had suffered six prior felony convictions (§ 1203, subd. (e)(4)), four

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

2

prison priors (§§ 667.5, subd. (b), 668), and one strike prior (§§ 667, subd.(b)-(i), 668 & 1170.12).

The case was set for a jury trial. On the first day of trial, just prior to the commencement of voir dire, Ho waived his right to a jury trial on the allegations of his prior convictions and prison sentences. Ho sought to represent himself at trial, pursuant the authority of *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*), and presented the court with a *Lopez*[2] waiver. The trial court denied Ho's request to represent himself. Ho then requested a *Marsden*[3] hearing, seeking a change of attorney. The court held a *Marsden* hearing, and denied Ho's request for appointment of a different attorney.

Voir dire commenced. After a lunch break, Ho indicated that he had decided to enter a change of plea. The prospective jurors were excused.

Ho thereafter pled guilty to count 1, felony vehicle theft, and admitted having suffered a prior strike conviction. In exchange, the parties agreed to a sentence of four years in state prison. Ho was informed, both orally and in writing, that as a result of his prior strike conviction, he would be required to serve 80 percent of the four-year sentence. The court dismissed the remaining count and struck the prison prior and felony prior conviction allegations.

---

2 *People v. Lopez* (1977) 71 Cal.App.3d 568, 571.

3 *People v. Marsden* (1970) 2 Cal.3d 118, 124.

As factual support for his plea, Ho admitted that he "drove a car without the permission of the owner with the intent to deprive [the] owner of said vehicle" and that he "had a prior strike."

On the day of his scheduled sentencing hearing, Ho requested a continuance of sentencing. The trial court denied the request for a continuance and sentenced Ho in accordance with the plea agreement.

Ho filed a timely notice of appeal.

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> (1) "Is there [a] sufficient factual basis to support the vehicle theft and the finding of a prior strike? Is this issue appealable without a certificate of probable cause?"
>
> (2) "Did the trial court err when it denied appellant's *Faretta* motion to represent himself on the first day of trial? . . . Is this issue appealable without a certificate of probable cause?" (Fn. omitted.)
>
> (3) "Did the trial court err when it denied appellant's pre-plea *Marsden* motion? . . . Is this issue appealable without a certificate of probable cause?"

4

(4) "Did the trial court err when it denied appellant's request for a continuance of sentencing?"

(5) "Was appellant expressly informed that by pleading to a strike, he would get reduced credits?"

After this court received counsel's brief, we provided Ho with the opportunity to file a supplemental brief. Ho did not file a supplemental brief.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Ho has been adequately represented by counsel on this appeal.

## IV.

## DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

McDONALD, Acting P. J.

McINTYRE, J.

5